# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| SUNLIGHT ENTERPRISES, INC. <br> d/b/a SUNLIGHT SOLAR, <br> a Florida corporation, <br><br> Plaintiff, <br><br> -vs- <br><br> SUNLIGHT SOLAR, LLC, <br> a Florida limited liability company, <br><br> ANDREW RAMOS, individually, <br><br> FONDEUR ELECTRICAL <br> CONTRACTORS, INC., <br> a Florida corporation, and <br><br> JADE ELECTRICAL SERVICES CORP., <br> a Florida corporation, <br><br> Defendants. <br> _____ | CASE NO.: |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
## JURY TRIAL DEMANDED

Plaintiff, SUNLIGHT ENTERPRISES, INC. d/b/a SUNLIGHT SOLAR ("Plaintiff" or "SUNLIGHT SOLAR"), hereby files its complaint for injunctive relief and damages against Defendants, SUNLIGHT SOLAR, LLC, ANDREW RAMOS, FONDEUR ELECTRICAL CONTRACTORS, INC., and JADE ELECTRICAL SERVICES, CORP. (collectively, "Defendants"), and alleges as follows:

# **INTRODUCTION**

1. This is an action for a preliminary injunction and thereafter a permanent injunction, and for other relief, including damages, arising out of the infringement of the Plaintiff's **SUNLIGHT SOLAR™** trademark under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, deceptive and unfair trade practices under Fla. Stat. § 501.201 *et. seq.*, and unjust enrichment under Florida law.

2. As set forth below, the Plaintiff has been a leading provider of installation and maintenance of solar thermal installations and equipment since 2003. Within the last several months, the Defendants began using the same trademark that is identical to the Plaintiff's **SUNLIGHT SOLAR™** trademark and for identical services.

3. The Defendants are promoting, marketing, offering for sale and selling their installation and maintenance services for solar equipment under the identical and confusingly similar trademark of "SUNLIGHT SOLAR" in an effort to mislead and confuse prospective clients and to falsely designate the source of origin of their services.

4. Upon information and belief, the Defendants' actions are part of a deliberate and surreptitious scheme to confuse the general public and divert sales away from Plaintiff, the market leader in the installation and maintenance of solar thermal installations and equipment within the central Florida area that

includes Orange, Osceola, Seminole, Lake, Polk, Volusia and Brevard Counties, Florida (collectively, the "Central Florida Area").

## THE PARTIES

5.  Plaintiff, SUNLIGHT ENTERPRISES, INC. d/b/a SUNLIGHT SOLAR ("SUNLIGHT SOLAR"), is a Florida corporation with its principal place of business in Orange County, Florida.

6.  Defendant, SUNLIGHT SOLAR, LLC ("SSLLC"), is a Florida limited liability company, with its principal place of business in Orange County, Florida.

7.  Defendant, ANDREW RAMOS ("RAMOS"), is an individual that, upon information and belief, resides in Orange County, Florida.

8.  Defendant, FONDEUR ELECTRICAL CONTRACTORS, INC. ("FONDEUR ELECTRICAL"), is a Florida corporation, with its principal place of business in Osceola County, Florida.

9.  Defendant, JADE ELECTRICAL SERVICES, CORP. ("JADE ELECTRICAL"), is a Florida limited corporation, with its principal place of business in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

10.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

11.  This Court has personal jurisdiction over the Defendants, by virtue of the fact that, upon information and belief, they each: (1) regularly solicit

business in this state; and (2) have committed a tortious act within the state by committing acts of infringement and unfair competition in this state.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

13.     All conditions precedent to the institution and maintenance of this action have occurred or have been performed, completed or waived.

## FACTS

### A. The Plaintiff's Trademark

14.     The Plaintiff is a solar equipment installation and maintenance company that was formed in 2003 and has been doing business under its **SUNLIGHT SOLAR**™ trademark since at least 2017. The Plaintiff filed a Florida fictitious name registration on May 17, 2017, for the fictitious name "SUNLIGHT SOLAR" (Registration No. G17000054946). A true and correct copy of the Plaintiff's fictitious name registration is attached hereto as **Exhibit A**.

15.     The Plaintiff has continuously used its **SUNLIGHT SOLAR**™ trademark to identify its services and to distinguish them from those of others by, among other things, prominently displaying its **SUNLIGHT SOLAR**™ trademark on its work vehicles, website, and advertising literature distributed throughout the Central Florida Area and to other states.

16.     Since at least 2017, the Plaintiff has owned and exclusively used the domain registration for www.sunlightsolar.us on which it advertises and markets

its installation and maintenance services for solar equipment. The Plaintiff also created a Facebook page on which it advertises and markets its services. True and correct copies of portions of the Plaintiff's website and Facebook page is attached hereto as **Exhibit B**.

17. Accordingly, the Plaintiff has acquired the rights to the trademark **SUNLIGHT SOLAR**™ to identify its installation and maintenance services of solar thermal equipment in the Central Florida Area and the surrounding areas going back to 2017.

18. The Plaintiff has expended substantial amounts of time, effort, and money to ensure that the general public associates its **SUNLIGHT SOLAR**™ trademark with the Plaintiff and its installation and maintenance services of solar thermal installations and equipment in the Central Florida Area and beyond including to out of state Florida homeowners.

19. **SUNLIGHT SOLAR**™ has acquired distinctiveness, meaning that it has attained a secondary meaning in the minds of consumers such that they associate that trademark exclusively with the Plaintiff as the premier source of installation and maintenance services of solar thermal equipment in at least the Central Florida Area.

20. As a result of the Plaintiff's substantially exclusive, long-standing, and continuous use of its mark in connection with its installation and maintenance services of solar thermal installations and equipment in the Central Florida Area and beyond including to out of state Florida homeowners, the

Plaintiff's **SUNLIGHT SOLAR**™ trademark is well known to its customers and others in the industry as being associated with the Plaintiff and the quality of the Plaintiff's services.

### B. The Defendants' Wrongful Actions

21. The Defendants realized that they could achieve success by unlawfully capitalizing on and misappropriating the Plaintiff's well known **SUNLIGHT SOLAR**™ trademark and reputation.

22. Accordingly, without the knowledge or authorization of Plaintiff, the Defendants began using "SUNLIGHT SOLAR" and "SUNLIGHT SOLAR, LLC" in connection with opening an office in Orange County, Florida nearly four years after the Plaintiff.

23. Defendants RAMOS and FONDEUR ELECTRICAL filed a Florida fictitious name registration on December 21, 2020, to do business under the fictitious name "SUNLIGHT SOLAR" (Registration No. G20000161717).

24. Defendant RAMOS along with Defendants SSLLC, and JADE ELECTRICAL also subsequently filed a Florida fictitious name registration on April 12, 2021, to do business under the fictitious name "SUNLIGHT SOLAR, LLC" (Registration No. G21000049813).

25. Under information and belief, the same business is operating under both of the Defendants' fictitious name registrations and is a single business being managed and directed by Defendant RAMOS. True and correct copies of the Defendants' fictitious name registrations are attached hereto as **Exhibit C**.

26. The Defendants registered the domain www.sunlightfloridasolar.com and created a Facebook page under "SUNLIGHT SOLAR." In addition, the Defendants have registered another domain www.slfsolar.com using the name "SUNLIGHT SOLAR FLORIDA," which also infringes the Plaintiff's trademark.

27. True and correct copies of the Defendants' websites and Facebook page depicting the Defendants' infringing trademark are attached hereto as **Exhibit D**.

28. The Defendants' trademark is identical and/or confusingly similar to the Plaintiff's **SUNLIGHT SOLAR™** trademark.

29. Defendants' installation and maintenance services for solar equipment are identical to the Plaintiff and are therefore competitive and directed to the same consumer market in the Central Florida Area and beyond Florida.

30. In a good faith attempt to address the actual confusion that was occurring, on July 1, 2021, undersigned counsel for the Plaintiff advised Defendant RAMOS that due to the Plaintiff using the trademark SUNLIGHT SOLAR in the Central Florida Area beginning approximately four years ago and the Defendants providing the same services in the same geographic area, that the Defendants should change their name to stop the confusion that was occurring with current customers, potential customers, personal friends, and business partners.

31. The Defendants brazenly refused to even consider changing their name and refused to discontinue their willful infringement of the Plaintiff's trademark.

32. To date, the Defendants continue to intentionally and wrongfully use an identical and infringing trademark to the Plaintiff's **SUNLIGHT SOLAR**™ trademark, including on its website, social media pages, and other marketing materials.

33. Upon information and belief, the Defendants also appear to be unlawfully confusing consumers by engaging in search engine optimization using the Plaintiff's **SUNLIGHT SOLAR**™ trademark.

34. The Defendants' actions as alleged have caused, and will continue to cause irreparable harm to the Plaintiff and its valuable **SUNLIGHT SOLAR**™ trademark, and to the business and substantial goodwill represented thereby, and the act and damage will continue unless restrained by this Court.

35. The Defendants' uses of a confusingly similar trademark to the Plaintiff's **SUNLIGHT SOLAR**™ trademark has been and still is without permission or authority of the Plaintiff, and such uses are likely to cause confusion, mistake, or to deceive.

36. The content of advertising materials of the Defendants, which upon information and belief, is designed, created and used, in part, by the Defendants in a deliberate effort to deceive consumers into believing that the Defendants' company and business is in fact some way affiliated with the Plaintiff.

37. Plaintiff alleges, on information and belief, that consumers have been mislead and are still being misled as a direct result of the false efforts of the Defendants to associate with the Plaintiff and to hold out to consumers as if it is affiliated with the Plaintiff.

38. Defendant RAMOS directed, controlled, ratified in, or is the moving force behind the Defendants' infringing activities.

39. The Defendants unauthorized use of "SUNLIGHT SOLAR" is likely to cause confusion, to cause mistake, or to deceive consumers and potential consumers into believing that there is an affiliation, connection or association of Defendants with the Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services and commercial activities by the Plaintiff.

40. The Defendants unauthorized use of "SUNLIGHT SOLAR" falsely indicates to the purchasing public that Defendants, their business and/or their services originate with the Plaintiff, or are affiliated, connected or associated with the Plaintiff, or are sponsored, endorsed or approved by the Plaintiff, or are in some manner related to the Plaintiff and its services.

41. The Defendants unauthorized use of the "SUNLIGHT SOLAR" falsely designates the origin of Defendants' business and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their business and services.

42. The Defendants unauthorized use of "SUNLIGHT SOLAR" enables them to trade and receive the benefit of goodwill built up at great labor and

expense by the Plaintiff, and to gain acceptance for their business and services not solely on their own merits, but on the reputation and goodwill of the Plaintiff and its services.

43. The Defendants have been and continue to be unjustly enriched at the Plaintiff's expense by their unauthorized use of the Plaintiff's **SUNLIGHT SOLAR**™ trademark.

44. The Defendants unauthorized use of "SUNLIGHT SOLAR" in the manner described above removes from the Plaintiff the ability to control the nature and quality of services provided under the Plaintiff's **SUNLIGHT SOLAR**™ trademark, and places the valuable reputation and goodwill of the Plaintiff in the hands of the Defendants, over whom the Plaintiff has no control.

45. The Defendants have a bad-faith intent to profit from their unauthorized use of Plaintiff's **SUNLIGHT SOLAR**™ trademark.

46. Defendants are a competitor of the Plaintiff for installation and maintenance services for solar equipment and in view of the willful nature of the Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT I
### Violation of 15 U.S.C. § 1125(a)

47. This is an action for injunctive relief and damages against the Defendants for violation of 15 U.S.C. § 1125(a).

48. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 46, above, as if fully set forth herein.

49. Plaintiff has been using its **SUNLIGHT SOLAR™** trademark for approximately four (4) years to identify and distinguish its installation and maintenance services of solar thermal installations and equipment in the Central Florida Area and beyond.

50. The Plaintiff's **SUNLIGHT SOLAR™** trademark is inherently distinctive.

51. The Plaintiff's **SUNLIGHT SOLAR™** trademark also has developed secondary meaning to consumers in the Central Florida Area and beyond, including outside the state of Florida.

52. The Defendants have used an identical and confusingly similar trademark to the Plaintiff's **SINLIGHT SOLAR™** trademark without authorization from Plaintiff in interstate commerce in connection with providing installation and maintenance services of solar thermal installations and equipment in the Central Florida Area.

53. The Defendants' use of the Plaintiff's **SUNLIGHT SOLAR™** trademark is intended to cause confusion, mistake, or deception as to Defendants' affiliation, connection, or association with Plaintiff, and further as to the origin, sponsorship, or approval of Defendants' services.

54. The Defendants have improperly profited from the use of an identical and confusingly similar trademark to the Plaintiff's **SUNLIGHT SOLAR**™ trademark.

55. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages and continues to suffer substantial and irreparable harm.

56. By reason of the Defendants' acts alleged herein, the Plaintiff is entitled to recover damages, including the lost profits Plaintiff would have made but for the acts of the Defendants herein, together will the ill-gotten gains of the Defendants.

## COUNT II
## Common Law Unfair Competition

57. This is an action for common law unfair competition against the Defendants.

58. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-46, above, as if fully set forth herein.

59. Plaintiff first adopted and used its **SUNLIGHT SOLAR**™ trademark in Florida as a means of establishing good will and reputation and to describe, identify or denominate particular services and goods offered by it and to distinguish them from similar services or goods offered by others.

60. Through its association with such services and goods, the Plaintiff's **SUNLIGHT SOLAR**™ trademark has acquired a special significance as the name of the services or goods offered by Plaintiff in the Central Florida Area

because the Plaintiff's **SUNLIGHT SOLAR**™ trademark is inherently distinctive and/or has acquired secondary meaning as identifying Plaintiff's goods and services.

61. Defendants have commenced the use of an identical or confusingly similar mark and tradename to the Plaintiff's **SUNLIGHT SOLAR**™ trademark to indicate or identify similar services and goods rendered by it in competition with Plaintiff in the same trade area in which Plaintiff has already established its **SUNLIGHT SOLAR**™ trademark.

62. As a result of the Defendants' conduct or threatened conduct, customer confusion of source or as to the sponsorship of the services or goods offered by the Defendants has occurred, is probable and inevitable to continue and Plaintiff has suffered or will suffer damages.

63. Defendants' conduct constitutes trademark infringement and unfair competition in violation of Fla. Stat. § 495.161 and the common law of Florida.

64. Defendants' acts, as set forth above, have caused irreparable injury to the Plaintiff's goodwill and reputation.

65. The injury to the Plaintiff continues to be ongoing and irreparable.

66. Defendants' infringement has been and continues to be deliberate, willful, wanton and done with an intent to deceive.

67. By reason of the Defendants' acts alleged herein, the Plaintiff is entitled to recover damages, including the lost profits Plaintiff would have made

but for the acts of the Defendants herein, together will the ill-gotten gains of the Defendants.

## COUNT III

### Florida Deceptive and Unfair Trade Practices
### (Fla. Stat. § 501.201 *et. seq.*)

68. This is an action for against the Defendants for violation of Florida Deceptive and Unfair Trade Practices Act.

69. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-46, above, as if fully set forth herein.

70. By unlawfully capitalizing on and misappropriating the Plaintiff's well-know brand and reputation, including trademark infringement, false designation of origin, and unfair competition, the Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts of practices in the conduct of their trade or commerce in violation of Fla. Stat. § 501.204.

71. The Plaintiff has suffered actual damages proximately caused by the Defendants' deceptive and unfair trade practices.

72. The Plaintiff is being irreparably harmed by the Defendants deceptive and unfair trade practices and does not have an adequate remedy at law.

73. The Plaintiff is entitled to injunctive relief, declaratory relief, and actual damages under Fla. Stat. § 501.211 and attorneys' fees under § 501.2105.

## COUNT IV
## Unjust Enrichment

74. This is an action for unjust enrichment against the Defendants.

75. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-46, above, as if fully set forth herein.

76. The acts of the Defendants complained of herein constitute unjust enrichment of Defendants at the Plaintiff's expense in violation of the common law of Florida.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUNLIGHT ENTERPRISES, INC. d/b/a SUNLIGHT SOLAR respectfully requests that the Court enter judgment in its favor and against the Defendants, along with an order that includes:

a. A finding that the Defendants have i) engaged in trademark infringement, false advertising and false designation or origin in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a); ii) unfairly competed under Florida law; iii) engaged in deceptive and unfair trade practices under Fla. Stat. § 501.201 *et. seq.*; and iv) been unjustly enriched at the Plaintiff's expense under Florida law;

b. a finding that the Defendants engaged in the above violations willfully;

c. a permanent injunction enjoining and restraining the Defendants from using any trademark identical and/or confusingly similar to the Plaintiff's **SUNLIGHT SOLAR**™ trademark or use of any formative variation thereof, in

connection with installation and maintenance services of solar thermal installations and equipment;

      d.     an award of compensatory damages and special damages as a result of Defendant's unfair competition;

      e.     The grant of monetary relief to the Plaintiff in the form of an accounting and payment by the Defendants of an amount equivalent to all financial gains, profits, and advantages derived from its wrongful acts plus actual damages, and increased by an amount equal to three times such damages because of Defendants' willful violations pursuant to 15 U.S.C. § 1117(a);

      f.     an award of actual damages under Fla. Stat. § 501.211(b), including attorneys' fees and costs;

      g.     an award of costs, including reasonable attorneys' fees, pre- and post-judgment interest under to 15 U.S.C. § 1117, Fla. Stat. § 501.211(b) and as otherwise permitted under the law; and

      h.     such other further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Date: July 28, 2021

/s/ *Matthew G. McKinney*
Matthew G. McKinney
TRIAL COUNSEL
Florida Bar No. 385298
mmckinney@allendyer.com
**ALLEN, DYER, DOPPELT,
& GILCHRIST, P.A.**
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801
Tel: 407-841-2330
Fax: 407-841-2331
*Attorneys for Plaintiff Sunlight Enterprises, Inc.*